BANKS, Justice,
concurring:
¶ 25.1 agree with the result reached by the majority. I write briefly to make two points, one of disagreement and one of emphasis.
¶ 26. My point of disagreement is with the majority pronouncement in footnote 1 concerning what needs to be shown in a so-called “reverse discrimination” case. The point of departure is with the first prong of the McDonnell Douglas/Burdine test which speaks of a “protected class.” McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Texas Dep’t of Community Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The suggestion is, in effect, that everyone is a member of a “protected class” in that they are members of some race and that the Equal Protection Clause protects all equally. While it is true that race is a class distinction for which most discriminations are unlawful, the “protected class” spoken of in the McDonnell Douglas formula for a prima facie case is a class of persons historically disfavored in the work place. There is no justification for suggesting that one not of a class historically disfavored in hiring has made a prima facie showing of discrimination based solely upon a showing that a person not of her race received the benefit of an employment decision regarding a position for which the complaining person was also qualified. The background circumstances spoken of in Ulrich v. Exxon Co., U.S.A., 824 F.Supp. 677, 683 (S.D.Tex.1993), and elsewhere, are not so much “additional” or representative of a “heightened standard” as they are a substitute for the universally accepted fact of historical disfavor which serves as the basis for the “protected class” prong of the McDonnell Douglas test in race cases. Harding v. Gray, 9 F.3d 150, 153 (D.C.Cir.1993). Showing background circumstances suggestive of discrimination is no great hurdle in a valid case. Showing that one is better qualified than one’s replacement or the candidate selected, for example, may be sufficient. Id.; Murphy v. Milwaukee Area Technical College, 976 F.Supp. 1212 (E.D.Wis.1997). In the end the solution is “not in making an utterly irrelevant factor an element of the prima facie case, but rather in recognizing that the prima facie ease requires ‘evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion_’ Teamsters v. United States, 431 U.S. 324, 358, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).” O’Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) (emphasis and brackets in original).
¶ 27. My point of agreement is that, in the end, this case, based solely upon alleged disparate treatment, falls for the failure to carry the ultimate burden of proving that any different treatment was based upon the forbidden factor of race. That is, Baum was required to present substantial evidence upon which a fair-minded fact finder could conclude that the employment decision was based upon Baum’s race. An employee claiming disparate treatment must show that, *65 under “nearly identical” circumstances, the employer accorded preferential treatment to a different class employee. Little v. Republic Ref. Co., 924 F.2d 93, 97 (5th Cir.1991); Smith v. Wal-Mart Stores, 891 F.2d 1177, 1180 (5th Cir.1990); Davin v. Delta Air Lines, Inc., 678 F.2d 567, 570 (5th Cir.1982). To be sure, a careful review of the record reflects that both a black and, significantly, some white attorneys were shown to have been treated differently than Baum, in roughly similar, but not identical circumstances. In fact, the record is amenable to the conclusion that Baum was treated somewhat shoddily in terms of the process surrounding his termination. There is no evidence, however, that race was a factor. The presence of a black person as one of the key, and perhaps the most influential, persons in making the termination decision does not change that fact.