**Ralph M. LITTLE, Plaintiff–Appellant,**

v.

**REPUBLIC REFINING CO., LTD.,**
**Defendant–Appellee.**

No. 89–7103.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1991.

---

Brooks Eason, Stephen J. Carmody, Brunini, Grantham, Grower & Hewes, Jackson, Miss., for defendant-appellee.

Before POLITZ, WILLIAMS and SMITH, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

On July 23, 1986, defendant-appellee Republic Refining Co., Ltd. ("Republic") discharged plaintiff-appellant Ralph Little. At that time, Little was 61–years–old. He alleges here that Republic violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 (1988) ("ADEA") by discharging him. His claim was tried before a jury. The jury returned a verdict in Little's favor. The trial court granted Republic's motion for a judgment notwithstanding the verdict. We AFFIRM.

## I. Facts and Prior Proceedings

In July, 1982, Republic, a subsidiary of Tomlinson Interests, Inc., hired Little as a mechanic at its sour gas processing plant in Puckett, Mississippi. Republic twice promoted Little, so that by the time of his termination in July 1986, Little was a maintenance supervisor in charge of the maintenance activities of the Puckett plant. Little, aged 61 when terminated, contends that his discharge violated ADEA. Republic alleges that it did not discharge Little because of his age, but did so because of poor job performance and because of a bona fide reduction in workforce.

In July, 1986, Republic needed to reduce its workforce for two reasons. First, in April of 1985 one of Tomlinson Interests' deep gas wells in Rankin County blew out. To help remedy the problem, Republic hired additional employees and transferred some existing employees from the Puckett plant to the well site in Rankin County. By July, 1986, the activities in connection with the blowout had ended. Republic employees working on the Rankin assignment re-

James L. Martin, John B. Dongieux, Martin, Young & Wright, Jackson, Miss., for plaintiff-appellant.

turned to the Puckett plant, thereby creating an excess in the number of Republic employees at the Puckett plant.

Second, and in part because of the blowout, Tomlinson Interests filed for bankruptcy in late 1985. Tomlinson Interests' bankruptcy trustee had practical, if not legal, control over Republic. The trustee wanted Republic to reduce its operating costs as much as possible without jeopardizing safety. The trustee discharged William Cole, Republic's operations supervisor and Little's immediate supervisor, and replaced Cole with another Republic employee, Tom Boyd. The trustee instructed Boyd to reduce operating costs.

Boyd discharged Little, then aged 61. Boyd replaced Little with a current Republic employee named Carl Turner, aged 39. Boyd contemporaneously discharged Gene Propst, aged 30. Boyd testified that he chose to terminate Little and Propst because of poor job performance. The two had ranked lowest in a series of evaluations conducted in October, 1985 at Cole's direction. The evaluation and other evidence indicated that Little did not get along well with other employees or his supervisor, responded slowly to maintenance requests, and spent excessive amounts on projects.

Little claims that he was not discharged because of a reduction in workforce and poor job performance, but rather because his age and experience intimidated Boyd. He alleges that Republic's proffered explanations are pretexts for intentional age discrimination. In support, he first points to the testimony of his former supervisor, Cole. Cole testified that he was pleased with Little's performance and would not have terminated him. He also said that the October, 1985 evaluation, which he signed, did not accurately reflect his opinion of Little's performance. Finally, Cole testified that Boyd was intimidated by Little because Little had more experience than Boyd. This, in Cole's opinion, tended to make Boyd competitive with Little. Other Republic employees testified that they thought Little did a good job. Little also testified. He claimed that he believed that Boyd discriminated against him on the basis of his age when Boyd discharged him and that he received disparate treatment from Boyd because Boyd gave Little's replacement counseling about job performance but did not give such counseling to him.

Little first accused Republic of age discrimination before the Equal Employment Opportunity Commission ("EEOC"). He filed a Charge of Discrimination on September 30, 1986. The EEOC held a hearing and determined that Republic did not discriminate against Little on the basis of his age.

Little reiterated his allegations in a complaint filed in the United States District Court for the Southern District of Mississippi on November 9, 1987. Upon trial, the jury returned a verdict for Little awarding him $94,738. The district court, however, granted Republic's motion for judgment notwithstanding the verdict and conditionally granted its motion for a new trial. Little appeals, contending that the original jury verdict should stand.

## II. Discussion

### A. Standard of Review

In reviewing a district court's disposition of a motion for judgment notwithstanding the verdict, we apply the same test as did the district court, without any deference to its decision. *In re Letterman Bros. Energy Sec.*, 799 F.2d 967, 971 (5th Cir.1986). The pertinent test is supplied by *Boeing Company v. Shipman*, 411 F.2d 365 (5th Cir.1969) (en banc). In *Boeing* we held that "[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions [for directed verdict and for JNOV] is proper." *Id.* at 374. Applying the *Boeing* test to this case, the district court's judgment should be affirmed only if the facts and accompanying inferences would not permit reasonable people to conclude that Republic discharged Little because of his age.

## B. Age Discrimination

To determine whether a reasonable trier of fact could have reached the conclusion the jury did reach in this case, it is essential to recognize the paths by which a jury can arrive at a finding of age discrimination. After Little made his prima facie case of age discrimination, the burden of production shifted to Republic to articulate a legitimate reason for its employment decision. Republic articulated two legitimate reasons for terminating Little: a reduction in workforce and poor job performance. To prove his case, Little then had to refute the validity of these two reasons by showing that they are pretexts for intentional age discrimination. In *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253–56, 101 S.Ct. 1089, 1094–95, 67 L.Ed.2d 207 (1981), a unanimous Supreme Court set out two different means by which a plaintiff could succeed following the defendant's articulation of a legitimate justification for its employment decision. Plaintiffs "may succeed in this [their burden of persuasion] either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." 450 U.S. at 256, 101 S.Ct. at 1095. We conclude that Little failed to provide sufficient evidence on which a reasonable trier of fact could find that Republic's proffered reasons are pretexts or that Republic's explanation is not credible.

## C. Little's Evidence

■ Little stated four matters in endeavoring to show that a discriminatory reason more likely motivated Republic to discharge him than Republic's stated reasons, the first *Burdine* method to prove that Republic's reasons are pretexts for age discrimination. We find that a careful review of the record reveals that none of the four could justifiably lead reasonable jurors to conclude that Republic discharged Little because of his age.

First, Little points to his own subjective belief that age motivated Boyd. An age discrimination plaintiff's own good faith be-

lief that his age motivated his employer's action is of little value. In *Elliott v. Group Medical & Surgical Services*, 714 F.2d 556, 567 (5th Cir.1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984), we held that we were "not prepared to hold that a subjective belief of discrimination, however genuine, can be the basis of judicial relief."

Second, Little argues that the testimony of his former supervisor, William Cole, proved age discrimination. Cole testified that he thought that Little's experience "intimidated" Boyd. Little asserts that it is reasonable to infer from this that age motivated Boyd because "experience comes with age." This evidence is deficient in a number of respects. One, even if we accept the inference Little wants us to draw from Cole's belief, the evidentiary power of the belief itself is subject to the same criticisms as is Little's belief. *See Elliott*, 714 F.2d at 567. It should not matter that the belief belongs to a party other than the plaintiff. Further, the record contains absolutely no manifestations of this alleged "intimidation." Second, even if we assume that Boyd was intimidated by Little's experience and that intimidation moved Boyd to discharge Little, a discharge for jealousy because of intimidating experience is not an age motive for discharge. The causal relationship between age resulting in discharge, and intimidating experience resulting in discharge are two different grounds for discharge.

Third, Little points to the difference in ages between both Little and Boyd. The fact that Boyd was aged 36 when he discharged a 61–year–old man does not provide a reasonable factfinder a sufficient basis on which to decide that Republic acted because of Little's age. Any minimal weight this evidence carries is greatly diminished by the fact that the same 36–year–old man contemporaneously discharged the 30–year–old Gene Propst.

Fourth, Little argues that Boyd did not counsel him about the problems in his performance but did provide job counseling to his replacement, Turner, before Turner replaced Little. This proves no actionable

disparate treatment. To establish a claim of disparate treatment, Little must show that Republic gave preferential treatment to a younger employee under "nearly identical" circumstances. *Smith v. Wal-Mart Stores*, 891 F.2d 1177, 1180 (5th Cir.1990) (per curiam); *see also Davin v. Delta Air Lines, Inc.*, 678 F.2d 567, 570–71 (5th Cir. Unit B 1982). The circumstances of Little and Turner do not meet this test. Boyd did not counsel Little because he was not Little's supervisor; Boyd was, however, Turner's supervisor and thus had authority to provide job counseling. Boyd was Little's supervisor for only one week in July, 1986. At this time, however, any counseling would have come too late. The decision had already been made to terminate employees with poor work performance.

■ Little could also prove pretext by showing that Republic's stated reasons are unworthy of credence, the second *Burdine* method. Little offered a variety of. evidence on this point, none of which suffices. A reasonable factfinder could not infer from the evidence that Republic's proffered motivation is not its true one and that Republic discriminated against Little.

Little points to disputed and conflicting evidence in undertaking to establish lack of credence. He urges, for example, Cole's testimony that he was satisfied with Little's performance and would not have discharged Little. Little attempted to undermine the factual correctness of Boyd's crucial October 1985 evaluation of Little with Cole's testimony, even though Cole had signed the evaluation and added his own negative comments to it. The existence of competing evidence about the objective correctness of a fact underlying a defendant's proffered explanation does not in itself make reasonable an inference that the defendant was not truly motivated by its proffered justification. *See Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1507 (5th Cir.1988). Republic correctly points out that even if Little is factually correct about his own job performance, the fact that Cole at one time believed that statements in the evaluation were true and worthy of his signature is strong evidence

that someone else, i.e. Boyd, believed them and was motivated by them.

Republic's claim that it was motivated by its view of Little's job performance—rather than something else—also is supported by its termination of Gene Propst. The two employees discharged, Little and Propst, received the two lowest scores in the October evaluation conducted at the plant. This demonstrates a likely reliance by Republic upon the October 1985 evaluations rather than on something else. That Propst was 30–years–old when terminated additionally weakens any inference of pretext that might be drawn from the dispute in the evidence concerning Little's job performance.

The evaluations do not prove conclusively that Republic's view of Little's job performance motivated its termination of Little; just because it discharged a young man who received a poor evaluation score does not necessarily mean that similar reasons motivated the termination of the older man. When combined with other proof, the evidence, however, greatly undermines Little's assertion that Republic did not reveal what truly motivated its decision to discharge him. Further, even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason. We do not try in court the validity of good faith beliefs as to an employee's competence. Motive is the issue. *De Anda v. St. Joseph Hosp.*, 671 F.2d 850, 854 n. 6 (5th Cir.1982).

In sum, a dispute in the evidence concerning Little's job performance does not provide a sufficient basis for a reasonable factfinder to infer that Republic's proffered justification is unworthy of credence.

■ Little's next evidentiary basis for the claim of a lack of credence in Republic's proffered motives lies in alleged "discrepancies" in Republic's stated justification for discharging Little. Little points out that Boyd prepared his written justification for the overall reduction in force *after* he discharged Little. Republic points out that the written justification was prepared for use in bankruptcy court and ar-

gues persuasively that the timing of the justification's preparation proves nothing.

Little's final evidentiary basis to support an inference of pretext is that his position was not eliminated. The fact that his position was not eliminated does not support an inference that a reduction in workforce was not Republic's true reason. Boyd did not discharge the employees holding the positions he decided to eliminate. Instead he chose to discharge employees he found inadequate and reassign remaining employees to their positions. In this way, the workforce was reduced.

■ Little's reliance upon the fact that his replacement was 39–years–old provides an insufficient basis to support the jury's verdict. This fact was properly considered in establishing Little's prima facie case, but it is clearly insufficient for Little's ultimate burden of proving intentional age discrimination. *See Elliott v. Group Medical & Surgical Servs.*, 714 F.2d 556, 562 (5th Cir.1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984).

In sum, Little failed to provide sufficient evidence from which a reasonable factfinder could infer that Republic terminated him because of age. As the district court found, a reasonable trier of fact after carefully reviewing the evidence could not properly conclude that Republic's proffered justification was a false claim of motivation of its employment decision. The overwhelming evidence showed instead that Republic discharged Little because of a bona fide reduction in workforce and because of a good faith evaluation of Little's job performance. Republic clearly needed to reduce its workforce because of its poor financial condition. It chose Little because of his poor job performance. Evidence showed that Little did not cooperate with and support supervisors in other departments, could not get along with his supervisor, failed to respond quickly to maintenance needs, and expended excessive amounts of money on maintenance projects during a time when Republic was in very poor financial condition. In addition, he and the other employee terminated had ranked lowest in a series of evaluations conducted in October 1985, nine months before his discharge.

Accordingly, under the *Boeing* standard, the district court's judgment notwithstanding the verdict is AFFIRMED. Because we affirm the grant of judgment notwithstanding the verdict, the conditional granting of a new trial is moot.

AFFIRMED.