**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-21044
Summary Calendar

GARY WILLIAMS,

Plaintiff-Appellant,

VERSUS

LYONDELL-CITGO REFINING COMPANY LIMITED,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-1028)

May 25, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Gary Williams appeals from a summary judgment granted against him in his age-discrimination suit brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

We review a district court's grant of summary judgment de novo, applying the same standard as did the district court. *See*

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

*Neff v. American Dairy Queen Corp.*, 58 F.3d 1063, 1065 (5th Cir.1995). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). A "dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For purposes of summary judgment determination, all fact questions are viewed in the light most favorable to the nonmovant. *See Hassan v. Lubbock I.S.D.*, 55 F.3d 1075, 1078 (5th Cir.1995).

After viewing the evidence before us in the light most favorable to Williams, we hold that no reasonable jury could properly return a verdict in his favor. As appellee has correctly pointed out, the record is simply devoid of evidence from which a reasonable fact finder could infer that Williams' age actually played a role in and was a determining factor in his termination. *See generally Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 98 (5th Cir.1991). In light of this and the overwhelming evidence that Williams was fired for the legitimate, non-discriminatory reasons articulated by appellee, we AFFIRM.