UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60714
Summary Calendar
_____

KRISTY L. CHRISTEN,

Plaintiff-Appellant,

versus

JESSE H. VASQUEZ, in his official capacity as
the Director of the United States Naval Home
and DAVID LACY, in his official capacity as
the CEO of the Armed Forces Retirement Home,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
Case No. 1:00 CV 529 RG
_____

March 19, 2002

Before JOLLY, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

Appellant Kristy Christen disputes the entry of summary

judgment on her claims of employment discrimination and retaliation

under the Equal Pay Act, 29 U.S.C. § 206(d), and Title VII, 42

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 2000(e) et. seq. Finding no reversible error of fact or law, we affirm.

Appellant was the only attorney on staff at the Naval Home in Gulfport, Mississippi. She asserts that her nonsupervisory position deserved a GS-14 pay grade classification rather than the GS-13 to which she was ultimately elevated in February 1998. Her claim derives from a comparison with the pay grades of male supervisors who held other types of posts, none of them as attorneys, as the Naval Home. The district court correctly rejected Christen's Title VII and EPA claims, holding that her "comparison" with the non-legal, supervisory employees is inapposite, because she is not "similarly situated" to the others. See Peters v. City of Shreveport, 818 F.2d 1148, 1153 (5th Cir. 1987) (Equal Pay Act); Little v. Republic Refining Co., 924 F.2d 93, 97 (5th Cir. 1991) (Title VII).

The district court also properly held that Christen's retaliation claim failed because she suffered no adverse employment action. She alleges only that her responsibilities were shifted to some degree away from her in order to make her post less significant. Such actions were not sufficiently adverse for purposes of a retaliation claim.

Finally, Christen contends that she was the victim of direct discrimination in the form of several gross, unflattering or belittling comments from co-workers. The district court did not rule on these allegations. While unfortunate, however, the crude

2

comments are not tied any way to any actionable adverse employment decision concerning Christen.  Damages are not awarded under Title VII or the Equal Pay Act solely for hurt feelings.  The "direct discrimination" claim suffers from lack of proof of adverse employment action and causal connection.

For these reasons, the judgment of the district court is **AFFIRMED**.