United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 9, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

**Summary Calendar**
**No. 02-31217**
_____

**NICOLE L. MARKS,**

**Plaintiff-Appellant,**

**versus**

**ST. LANDRY PARISH SCHOOL BOARD,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**No. 01-CV-1886**
_____

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Nicole Marks ("Marks") appeals the district court's grant of summary judgment in favor of Appellee St. Landry Parish School Board ("School Board"). Marks alleges that the School Board, in violation of Title VII, refused to rehire her as

_____

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

a teacher because of her race.[1]  The district court held that: (1) Marks had not set forth a prima facie case of race discrimination; (2) the School Board's decision not to rehire Marks was legitimate and non-discriminatory; and (3) Marks did not establish that the School Board's proffered reason was pretext for discrimination. Finding no reversible error in the judgment, we affirm.

We review the district court's grant of summary judgment de novo.  Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998); Fed. R. Civ. P. 56(c).  At the summary judgment stage, a court may not weigh the evidence or evaluate the credibility of witnesses, and all justifiable inferences will be made in the nonmoving party's favor. Morris, 144 F.3d at 380 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). Nevertheless, this burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

To meet her prima facie burden under Title VII, Marks must show that (1) she is a member of a protected class; (2) she

---

[1]In fact, Marks taught in the St. Landry Parish school district during the 1999-2000 school year under a one-year contract.  During that school year, Marks was re-assigned.  At the conclusion of the one-year contract, the School Board decided not to rehire Marks as a teacher in the parish.

sought and was qualified for an available employment position; (3) she was rejected for that position; and (4) the employer continued to seek applicants with the plaintiff's qualifications. See LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 448 (5th Cir. 1996)(citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Marks fails to meet the second prong of the prima facie case.

As the district court properly found, Marks did not establish that she was qualified for the position. The School Board intended to fill its available teaching position with a certified teacher. Marks admitted on both her application for employment and in her deposition that she was not a certified teacher. Additionally, Marks offered no further evidence or testimony establishing that she met the requisite qualifications for the position. Accordingly, Marks failed to establish a prima facie case of discrimination.

However, even if Marks established a prima facie case, summary judgment is nonetheless warranted. Under the well-established McDonnell Douglas framework, once the plaintiff satisfies the prima facie test, the burden shifts to the employer to articulate a legitimate and non-discriminatory reason for the employment decision. See McDonnell Douglas, 411 U.S. at 802-804. Once the employer does so, the plaintiff must offer evidence that the proffered reason is a pretext for discrimination. Id.

3

The School Board's basis for not re-hiring Marks is legitimate and non-discriminatory. While employed as a teacher in St. Landry Parish, Marks sent home a letter to the parents of her students filled with numerous grammatical errors. Moreover, as discussed above, the School Board intended to fill the position with a certified teacher, which Marks admittedly was not. The School Board's decision not to rehire Marks because of her lack of qualifications and the grammatically incorrect letter satisfies the School Board's burden under McDonnell Douglas.

Accordingly, to survive summary judgment Marks needs to establish that the School Board's legitimate, non-discriminatory reason was a pretext for discrimination. See McDonnell Douglas, 411 U.S. at 804. However, in her effort to establish pretext, Marks offers only her subjective belief that the School Board discriminated against her. "[W]e have recognized that generalized testimony by an employee regarding [her] subjective belief that [her] discharge was the result of . . . discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate, nondiscriminatory reason for [her] discharge." Elliot v. Group Med. & Surgical Serv., 714 F.2d 556, 564 (5th Cir. 1983)(stating that this Circuit is "not prepared to hold that a subjective belief of discrimination, however genuine, can be the basis of judicial relief")(citation omitted); see also see Liberty v. Republic Refining Co., Ltd., 924 F.2d 93, 96 (5th Cir. 1991).

4

In the end, Plaintiff offers no evidence to substantiate her subjective belief of discrimination. Hence, Marks is unable to establish that the School Board's proffered reason for its decision was pretext for discrimination.

Finally, Marks alleges, both in her opposition to summary judgment and on appeal, that the School Board violated La. Rev. Stat. Ann. § 17:442. Marks claims that, under this statutory provision, the School Board was obligated to provide written reasons for its decision not to rehire her. However, Marks did not state an independent cause of action in her complaint based upon this statute. Rather, the complaint states a single cause of action for violation of Title VII. This statute does not bear on the resolution of the Title VII claim. The judgment of the district court is therefore **AFFIRMED**.