United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-20648
Summary Calendar

———————————————

BARBARA NORTON, et al.,

Plaintiffs,

THERESA FUENTEZ

Plaintiff-Appellant,

versus

HOUSTON INDUSTRIES INC., et al,

Defendants

HOUSTON INDUSTRIES INC.; THE HOUSTON LIGHTING & POWER COMPANY;
DON D. JORDAN; DON D. SYKORA; SUSAN FABRE; MCKINSEY & COMPANY
INC.,

Defendants - Appellees

———————————————————————————————————————————

IVIS W. JOHNSON, SR., et al,

Plaintiffs,

MARIA T. FUENTEZ,

Plaintiff-Appellant,

versus

THE HOUSTON LIGHTING & POWER COMPANY; HOUSTON INDUSTRIES INC.;
DON D. JORDAN; DON D. SYKORA,

Defendants-Appellees

MARIA TERESA FUENTEZ

Plaintiff-Appellant,

versus

THE HOUSTON LIGHTING & POWER COMPANY

Defendant-Appellee.

---

Appeal from the United States District Court
Southern District of Texas, Houston Division
(No. H-92-CV-323-9 )

---

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Maria Teresa Fuentez ("Fuentez"), a Hispanic woman, was hired by Houston Lighting & Power Company ("Houston") in 1984. In 1990, Houston hired an outside consultant to perform a climate assessment of the company; shortly after the climate assessment Houston reassigned Fuentez to a new position. Fuentez filed a grievance with Houston's human resources department, asserting that she was reassigned because of her race and sex. In October 1991, several months after Fuentez' reassignment, Houston instituted a program, called "Success Through Excellence in Performance" ("STEP"), that

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

was designed to reduce costs. Soon after STEP, more than 900 employees—including Fuentez—lost their jobs as part of an RIF (reduction in force). Fuentez sued Houston arguing, among other things, that her demotion and termination were violations of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. (2000), because they were based on her race and sex. At trial, Houston moved for judgment as a matter of law. The judge granted the motion; Fuentez appeals.

We review the district court's granting of judgment as a matter of law de novo, applying the same standard as the district court. See, e.g., Laxton v. Gap Inc., 333 F.3d 572, 577 (5th Cir. 2003). Judgment as a matter of law is proper when "there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party." Foreman v. Babcock & Wilcox Co., 117 F.3d 800, 804 (5th Cir. 1997) (quoting FED. R. CIV. P. 50(a)).

First, Fuentez argues that Houston demoted her on June 26, 1991 because she is a Hispanic woman, in violation of Title VII. Adverse actions that occur more than 300 days before the filing of an EEOC complaint are time-barred. See 42 U.S.C. § 2000e-5(e)(1). Here, Fuentez filed her EEOC complaint on May 26, 1992; consequently, suits based on actions occurring before July 30, 1991—including her demotion—are barred by statute.

Second, Fuentez argues that Houston fired her because she is a Hispanic female, in violation of Title VII. Under the burden-shifting framework for Title VII, Fuentez must first make a prima facie case of a violation; if she does then Houston has an opportunity to offer a legitimate, non-discriminatory reason for the disputed action, in which case Fuentez must provide evidence rebutting the offered reason. See McDonnell Douglas

3

Corp. v. Green, 411 U.S. 792, 802–04 (1973). Even assuming, arguendo, that Fuentez establishes a prima facie case of discrimination,[2] we reject her claim because she fails to rebut the legitimate, non-discriminatory reason proffered by Houston. Houston maintains that her position was eliminated in order to cut costs, an argument bolstered by both the cost-saving STEP program closely preceding Fuentez' termination and the fact that more than 900 other employees were fired as well. Fuentez offers no evidence, other than her own subjective belief, to rebut Houston's cost-cutting move. Subjective belief alone is insufficient. Little v. Republic Ref. Co., 924 F.2d 93, 96 (5th Cir. 1991) (noting that the Court was "not prepared to hold that a subjective belief of discrimination, however genuine, can be the basis of judicial relief") (quoting Elliott v. Group Med. & Surgical Servs., 714 F.2d 556, 567 (5th Cir. 1983) (quotations omitted)).

Third, Fuentez argues that Houston fired her in retaliation for her filed grievance. For a valid retaliation claim, Fuentez must show that there was a causal connection between the filing of the grievance and her discharge. See, e.g, Fierros v. Texas Dep't of Health, 274 F.3d 187, 191 (5th Cir. 2001). The only evidence that Fuentez offers is that she was discharged after she filed the grievance. The mere fact that an adverse employment action occurred after a complaint was filed is not sufficient to establish a causal connection. See Raggs v. Miss. Power & Light Co., 278 F.3d 463, 471–72 (5th Cir. 2002).

---

[2] One of the (four) requirements of the McDonnell Douglas framework is that the plaintiff be replaced by someone not in a protected class. 411 U.S. at 802–05. It is unclear whether Fuentez satisfies this prong because, while someone did take on at least part of her duties, no one was specifically hired for her position.

4

Finally,[3] Fuentez brings a claim of intentional infliction of emotional distress. This Court requires a high threshold of harm for this type of claim. See Walker v. Thompson, 214 F.3d 615, 628 (5th Cir. 2000) ("Insults, indignities, threats, annoyances, or petty oppressions, without more, do not rise to the level of intentional infliction of emotional distress."); Ugalde v. W.A. McKenzie Asphalt Co., 990 F.2d 239, 243 (5th Cir. 1993) (holding that a supervisor's use of racial epithets, while condemnable, does not rise to the level of extreme or outrageous conduct). Fuentez' complaints of emotional harm—stemming from her firing and the fact that she was not given a baby shower—do not meet that high standard.

Accordingly, the judgment of the district court is AFFIRMED.

---

[3] Fuentez also asserts that Houston conspiratorially acted against her. The argument, however, is limited to the section headings of her brief: she offers no substantiation to her claim, and this Court finds none.