United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 28, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 04-30558

JOSEPH HOWARD KENNERSON

Plaintiff-Appellant,

v.

BILLY GUIDRY; ST. MARTIN PARISH SCHOOL BOARD
Defendants-Appellees

Appeal from the United States District Court
For the Western District of Louisiana
(02-CV-2541)

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Joseph Howard Kennerson brought this action against his former supervisor, Billy Guidry, and his former employer, St. Martin Parish (collectively, "Appellees"), alleging that his firing was the product of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

1964.[2]   The district court found that Kennerson failed to rebut Appellees' legitimate non-discriminatory reason for terminating his employment and granted summary judgment in Appellees' favor.  After reviewing the record and the parties' arguments, we affirm the district court.

## I.   Background

Kennerson, an African-American, was hired by St. Martin Parish School Board in May of 1996, upon the recommendations of the superintendent and Billy Guidry, Kennerson's soon-to-be supervisor. Kennerson's new position was as the St. Martin Parish school system Senior Computer Programmer.

When Kennerson took the St. Martin Parish job, he knew that he was not familiar with the computer systems or programs used by the parish school system.  Between 1997 and 2002, Appellees grew increasingly dissatisfied with Kennerson's performance.  Despite Appellees' provision of several formal opportunities for Kennerson to remedy his deficiencies, Kennerson was terminated in July of 2002.  A person outside Kennerson's protected class was hired to fill the St. Martin Parish School Board Senior Computer Programmer position.

Prior to his termination, and during the several attempts at remediation, Kennerson filed two complaints of race discrimination and retalitation with the Equal Employment Opportunity Commission

_____

[2]42 U.S.C. § 2000(e).

("EEOC"). After Kennerson was terminated, and after he received his right to sue letter, he timely filed this suit in district court.

Upon motion by Appellees, the district court granted summary judgment against Kennerson on both his Title VII discrimination and retaliation claims. Kennerson timely appeals.

## II. Standard of Review

This court reviews a grant of summary judgment *de novo*, and applies the same standard as the district court.[3] District courts properly grant summary judgment if, viewing the facts in the light most favorable to the nonmovant, the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.[4]

## III. Analysis and Conclusions

Like the district court, we assume for the purposes of this appeal that Kennerson has established both of his prima facie claims of Title VII race discrimination and retaliation arising from his termination. Also like the district court, we conclude that Kennerson has failed to rebut the Appellees' contention that his termination was the result of a legitimate non-discriminatory

---

[3]Travelers Cas. & Sur. Co. of Am. v. Baptist Health Sys., 313 F.3d 295, 297 (5th Cir. 2002) (citing Potomac Ins. Co. v. Jayhawk Med. Acceptance Corp., 198 F.3d 548, 550 (5th Cir. 2000)).

[4]FED. R. CIV. P. 56(c).

3

reason, viz., Appellees' dissatisfaction with Kennerson's performance. Under the <u>McDonnell-Douglass</u>[5] burden shifting paradigm for Title VII discrimination and retaliation claims,[6] this failure entitles Appellees to summary judgment.[7]

First, there is no question that Appellees have articulated their legitimate non-discriminatory reason for the termination with sufficient clarity to afford Kennerson a realistic opportunity to show that the reason was pretextual.[8] Second, Kennerson does not present any summary judgment evidence to dispute the Appellees' legitimate non-discriminatory reason for his termination. His own deposition and affidavit testimony concedes that he had difficulty performing his job and that several of his co-workers were rather disappointed with his performance. More importantly, Kennerson does not point to any record evidence showing a non-African-American was treated differently by Appellees under any substantially similar circumstance.

Ultimately, Kennerson only offers a subjective belief that his termination was motivated by race discrimination and retaliation

---

[5]411 U.S. 792 (1973).

[6]<u>Byers v. Dallas Morning News, Inc.</u>, 209 F.3d 419, 427 (5th Cir. 2000) ("As this Court has held, the <u>McDonnell Douglas</u> test applied to Title VII disparate treatment cases is also applicable to Title VII unlawful retaliation cases.").

[7]<u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. at 802-03.

[8]<u>Burdine v. Tex. Dep't of Cmty. Affairs</u>, 450 U.S. 248, 255-56, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981).

4

because his problems allegedly began after he "clashed" with a white co-worker and he was fired after he filed complaints with the EEOC. Not only is a Title VII employment discrimination or retaliation plaintiff's subjective belief an insufficient defense to a summary judgment motion,[9] in this case, that subjective belief is refuted by the undisputed record evidence showing that: (1) performance deficiencies were being documented by Kennerson's supervisor two years before Kennerson's clash and well before he filed his first EEOC complaint; (2) the pre-clash, and pre-EEOC complaint performance deficiencies are of the same variety as those deficiencies documented post-clash and post-EEOC complaint; and, (3) there was no marked increase in the documented deficiencies following the clash or the filing of the EEOC complaints.

Kennerson does not argue that Appellees' summary judgment evidence regarding their legitimate non-discriminatory reason was manufactured, post-hoc, in order to justify firing him.[10] Moreover, though Kennerson contends that his performance had in fact

_____

[9]Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (explaining that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden" at the summary-judgment stage of an employment-discrimination case).

[10]Cf. Evans v. Houston, 246 F.3d 344, 355-56 (5th Cir. 2001)(finding lack of certain documentation and suspicious timing on other documentation along with a plaintiff's allegations that the documents were back-dated to support a termination decision created a genuine issue of material fact as to whether employer's legitimate non-discriminatory reason was pretext).

5

improved, and that Guidry and the School Board incorrectly believed he was underperforming, "even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason [and] . . . a dispute in the evidence concerning [the employee's] job performance does not provide a sufficient basis for a reasonable factfinder to infer that [the employer's] proffered justification is unworthy of credence."[11]

Therefore, because Kennerson offers no summary judgment evidence to substantiate his subjective belief that his termination was due to discriminatory animus or retaliation, he is unable to raise a genuine issue of material fact as to whether the Appellees' proffered legitimate non-discriminatory reason for the termination decision was pretext. Accordingly, summary judgment for the Appellees is warranted and the district court is AFFIRMED.

---

[11]Little v. Republic Refining Co., 924 F.2d 93, 97 (5th Cir. 1991).

6