# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 14, 2010

No. 09-10999
Summary Calendar

Lyle W. Cayce
Clerk

GARY AREY,

Plaintiff - Appellant

v.

CRAIG WATKINS, In his individual and official capacities; DALLAS
COUNTY,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-cv-01960

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Gary Arey appeals the district court's grant of summary
judgment in favor of appellees Craig Watkins and Dallas County on his
employment discrimination claims. Finding no reversible error, we AFFIRM.

## I. FACTS AND PROCEDURAL HISTORY

We recite the facts viewing them in the light most favorable to Arey. Arey
was a prosecutor in the Dallas County District Attorney's Office for almost

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

thirty-three years.  He started his career with Dallas County as a prosecutor in the Juvenile Division, and he eventually became Division Chief of the Juvenile Division.  During Arey's more than three decades of service, he prosecuted cases, provided educational and training services, supervised and managed the Juvenile Division, served on various state task forces, and oversaw numerous technological improvements in the division.

Arey's career ended in 2006, when he received a termination letter from Watkins, who had just been elected Dallas County District Attorney.  After he was elected, Watkins formed a transition team and began to receive input from his team and others in the legal community about the Juvenile Division. Watkins received a number of different negative reports about Arey's performance as Division Chief of the Juvenile Division.  After receiving these reports, Watkins terminated Arey. Durrand Hill, an African American, was appointed to replace Arey, who is Caucasian.

After he was terminated, Arey brought this suit alleging that he was terminated because of his race in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1981, and Chapter 21 of the Texas Labor Code.  Appellees moved for summary judgment on Arey's Title VII and § 1981 claims, asserting that Arey's termination was based on legitimate, non-discriminatory reasons.  The district court found that Arey failed to create a fact issue as to all of Watkins's proffered reasons.  As a result, the court granted Appellees' motion for summary judgment. The district court then declined to exercise jurisdiction over Arey's state law claim.  This appeal followed.

## II. STANDARD OF REVIEW

Arey appeals the district court's grant of summary judgment.  We review the district court's grant of summary judgment de novo, and we may affirm "on any grounds supported by the record and presented to the court below." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

No. 09-10999

## III. DISCUSSION

Arey's discrimination claims under Title VII and § 1981 "require the same proof to establish liability." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 422 n.1 (5th Cir. 2000). Arey's claim is based on circumstantial evidence, and we review such claims under the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). The *McDonnell Douglas* burden-shifting framework is a familiar one, and this appeal concerns the third step in the framework.[1] Under the third step, Arey had the burden of producing evidence that would allow a reasonable jury to find that Watkins's proffered reasons were pretexts for discrimination.[2] *See McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007) ("To carry this burden, the plaintiff must rebut each nondiscriminatory . . . reason articulated by the employer."); *Mayberry*, 55 F.3d at 1091. The district court found that Arey failed to carry his burden. We agree.

In his affidavit, Watkins proffered the following reasons for terminating Arey: (1) he believed reports from his transition team and others that Arey was a "non-presence" in the courts under his supervision; (2) he believed reports from his transition team and others that Arey was a poor administrator and

---

[1] Under the first step in the framework, Arey had to establish a prima facie case of discrimination, *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1089 (5th Cir. 1995), and we assume for purposes of this appeal that Arey has established a prima facie case. In the second step, Appellees had the burden of producing legitimate non-discriminatory reasons for Arey's termination, *id.*; we find, and Arey does not dispute, that Appellees satisfied that burden.

[2] Under the third step, instead of arguing pretext, Arey could have proceeded under a "mixed-motive" theory. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). In his brief, Arey raises a mixed-motive theory. Arey, however, did not raise such a theory in the district court. Because Arey is attempting to raise this theory for the first time on appeal, we find the theory waived, and we will not consider it. *Vaughner v. Pulito*, 804 F.2d 873, 877 n.2 (5th Cir. 1986) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal.").

supervisor; (3) he believed that the Juvenile Division, under Arey's leadership, was ineffectual, at best, and was a "dumping ground" for underperforming assistant district attorneys; (4) he did not believe, based on the reports he received and his perceptions, that Arey should lead a department as important as the Juvenile Division; (5) he believed terminating Arey and replacing him with Hill would provide a significant break with the past administration; and (6) he believed that Hill would be more trustworthy and loyal than Arey.

In his brief, Arey only addressed the first four reasons proffered by Watkins. To create a fact issue as to these reasons, Arey must have presented evidence that would allow a reasonable jury to find that Watkins's reliance on reports from his transition team and others was not in good faith, *see Mayberry*, 55 F.3d at 1091 ("'We do not try in court the validity of good faith beliefs as to an employee's competence.'" (quoting *Little v. Republic Ref. Co.,* 924 F.2d 93, 97 (5th Cir. 1991))), and that Watkins did not actually perceive or base his decision on the perception that the Juvenile Division had become ineffective and a dumping ground under Arey's leadership, *see Shackelford v. DeLoitte & Touche, LLP*, 190 F.3d 398, 408–09 (5th Cir. 1999) (stating that, in cases such as this, the issue is "whether [the employer's] *perception* of [the employee's] performance, accurate or not, was the real reason for [his or] her termination"). Moreover, to create a fact issue as to these reasons, our precedents require Arey to do more than show that Watkins's investigation of his credentials was inadequate and that a more thorough investigation would have shown Arey's good qualities. Discrimination law addresses only discrimination, not general unfairness in employment relationships. *See LeMaire v. La. Dep't of Transp. & Dev. ex rel Louisiana*, 480 F.3d 383, 391 (5th Cir. 2007). Indeed, "'[e]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason'" for termination. *See Mayberry*, 55 F.3d at 1091 ("'[A] dispute in the evidence concerning . . . job performance does not provide a

sufficient basis for a reasonable factfinder to infer that [a] proffered justification is unworthy of credence.'" (quoting *Little*, 924 F.2d at 97) (first and second alterations in original)); *see also Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002) ("Merely disputing [the employer's] assessment of [the employee's] performance will not create an issue of fact.").

To rebut Watkins' first four reasons, Arey produced evidence showing that he received positive performance reviews, that he was involved in the Juvenile Division's day-to-day activities, that he received numerous awards, and that he was given a number of prestigious appointments for his work. While this evidence creates a dispute as to the thoroughness and accuracy of the reports that Watkins received, this evidence falls short of showing that Watkins did not rely on those reports in good faith. Arey does not present any evidence showing that Watkins was aware of this lack of thoroughness or accuracy, nor does he present any other evidence that would allow a reasonable jury to find that Watkins did not rely on the reports in good faith. Moreover, Arey has not presented any evidence that would allow a reasonable jury to find that Watkins did not perceive, or base his decision on the perception, that the Juvenile Division had become ineffective and a dumping ground for underperforming attorneys. Without more, Arey's evidence, at most, creates only a dispute as to the correctness of Watkins's beliefs and the thoroughness of his investigative process, and, as stated above, such a dispute is not sufficient to create a jury question as to Watkins's first four proffered reasons.

Because we conclude that Arey failed to rebut any of these reasons, we need not determine whether he had to rebut them all. Accordingly, we agree with the district court's determination that Arey failed to meet his burden under the third step of the *McDonnell Douglas* framework.[3]

---

[3] Pursuant to Federal Rule of Civil Procedure 56(f), Arey might have been able to discover additional evidence to create a fact issue as to all of Watkins's proffered reasons. In

## IV. CONCLUSION

While Arey's evidence could support a conclusion that Watkins's decision-making process lacked thoroughness, our job as a reviewing court in conducting a pretext analysis does not include second-guessing how Watkins arrived at his decision because "[o]ur anti-discrimination laws do not require an employer to make proper decisions, only [non-discriminatory] ones." *LeMaire*, 480 F.3d at 391 (5th Cir. 2007). As shown above, under our precedents, which we are bound to follow, Arey has failed to present evidence that would allow a reasonable jury to find that Watkins's decision to terminate him was discriminatory one. Accordingly, we AFFIRM.

---

the proceedings below, Arey did ask for a Rule 56(f) continuance, which the district court denied. Arey, however, failed to appeal the district court's denial of that motion. Accordingly, we cannot consider it.