JAMES E. GRAVES, Jr., Circuit Judge,
concurring in part and dissenting in part.
While I agree with much of the majority opinion, I disagree with its conclusion that Rogers’ failed to establish a prima facie case of disparate treatment discrimination under Title VII because Russell Leon Al-vis is not a valid comparator. The majority’s application of the “nearly identical circumstances” test to establish a “similarly situated comparator” under the McDon-nellr-Douglas framework is so strenuous that it effectively immunizes employers from disparate treatment claims unless the plaintiff is able to show that he shares identical traits with the alleged comparator. Therefore, I respectfully dissent.
I.
The majority concludes that Alvis is not a valid comparator because Alvis’s failure to disclose his past criminal history was not “nearly identical” to that of Rogers. I disagree. To be a valid comparator under the fourth prong of the McDonnell-Douglas framework, a Title VII plaintiff must show that the “employment actions at is *411 sue were taken ‘under nearly identical circumstances.’ ” Lee v. Kansas City S. Ry. Co., 574 F.3d 253, 260 (5th Cir. 2009) (quoting Little v. Republic Ref. Co., Ltd., 924 F.2d 93, 97 (5th Cir. 1991)). Critically, this inquiry focuses on the action that caused the employment decision, and whether that action elicited the same or a different response from the employer with the alleged comparator. Perez v. Tex. Dep’t of Criminal Justice, 395 F.3d 206, 213 (5th Cir. 2004). “Nearly identical,” however, is not the same as identical. Lee, 574 F.3d at 260. Rather, at this part of the analysis, we look for material similarity between the actions and the employer’s response.
The action leading to the decision not to hire was Rogers’ failure to disclose his past criminal history, not the criminal history itself. In fact, the school district admits that its policies permit hiring of those with past felony convictions, and the school district has done so in the past. Therefore, the question before us is whether Alvis’s failure to disclose his past criminal history is nearly identical to Rogers’ failure to disclose his past criminal history. I conclude that it is.
Alvis, a white male, is an HVAC technician for the school district, meets all employment qualifications for the position that he holds, has a past felony drug conviction, failed to disclose the past felony drug conviction when applying for employment with the school district, and the school district had knowledge of his failure to disclose, yet hired him anyway. Rogers, a black male, applied to be an electrician for the school district, meets all qualifications required for the position, has past felony drug convictions, failed to disclose the past felony drug convictions when applying for employment with the district, and the school district discovered during the application process that he failed to disclose his criminal history, yet did not hire him. The majority opinion’s only justification for concluding that Alvis is not a valid comparator is that Alvis appears to have one past felony drug conviction while Rogers has three. This conclusion disregards every other shared circumstance between Rogers and the alleged comparator. Rejecting Alvis as a similarly situated comparator because of a single difference between Rogers’ and Alvis’s past criminal histories conflicts with Perez’s mandate that “nearly identical circumstances” need not be “identical.”[1]
Based on these facts, there is no doubt that Rogers and Alvis are similarly situated employees that were treated differently following the nearly identical circumstances of failing to disclose past felony drug convictions. This, coupled with other evidence showing hostility towards Rogers, is sufficient to create an inference of discrimination and allow Rogers’ claims to proceed to trial. Thus, I would reverse the district court and conclude that Rogers’ has established a prima facie case of disparate treatment discrimination according to Title VII.

. It is also important to recognize that concluding that Alvis is a valid comparator at this stage of the case does not conclusively determine that the school district unlawfully treated them differently under the circumstances. Rather, doing so only determines that Rogers has stated a prima facie case for discrimination and is allowed to proceed to trial.