Opinion issued December 20, 2007









 

 

Opinion issued December
20, 2007

 

 

 

 

 

 

 

 










 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

NO.
  01-07-00031-CV




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DAVID VILLEGAS, Appellant

 V.

HARRIS COUNTY, RON HICKMAN, HARRIS 

COUNTY CONSTABLE , PRECINCT 4, Appellees

 




 
 
 
 
 
 
 


 



On
Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 2005-40353

 

MEMORANDUM OPINION

 

          In this wrongful discharge
case, David Villegas appeals the summary judgment rendered in favor of Harris County on claims arising out of the termination of his employment.  Specifically,
Villegas contends that the trial court erred in granting summary judgment on
his national origin discrimination claim under Title VII of the Civil Rights
Act of 1964, as amended, 42 U.S.C. § 2000e,  and his deprivation of due process
claim under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983.[1] 
Finding no error, we affirm.

Background

          David Villegas began
serving as a deputy constable for Harris County Precinct 4 in 1996.  On January
7, 2005, Villegas had a minor accident while driving a patrol car.  Just before
the accident, Villegas was stopped at a red light in the middle lane of West Road at its intersection with Highway 6.  West Road is three lanes wide at that
intersection.  The signage designates the middle lane as a “go straight” or
“left turn” lane.  The other vehicle involved in the accident was beside
Villegas’s patrol car in the right lane.  When the light turned green, the
vehicle’s driver, Maconces Marinas, attempted to continue straight on West Road.  Villegas, however, tried to turn right onto Highway 6 in front of Marinas, and the two vehicles collided. 

Villegas did not stop and render aid
after the collision.  Instead, he drove into the parking lot of a nearby
business.  He positioned the patrol car so that it could not be seen from the
intersection where the accident occurred.  Villegas did not report the accident
to Precinct 4 dispatch.  Instead, he called his supervisor on his cell phone
and told him that an unknown vehicle “came out of nowhere” and struck the
patrol car.  Villegas also related that he was “chasing” the vehicle because
the driver fled the scene.  In contrast, Marinas stated that both vehicles were
stopped at the red light, and, as the light turned green, Villegas turned in
front of her, causing the collision.  

During the post-accident
investigation, Villegas also claimed that he had activated the emergency lights
on the patrol car.  Marinas, however, alleged that Villegas did not activate
the lights until after the collision.  Harris County discharged Villegas twelve
days later, after the Accident Review Board examined the circumstances
surrounding the accident, and recommended that he be terminated immediately.  

Following his termination, Villegas
asked for a due process hearing.  In its written response, the County pointed
out that, as an employee at will, Villegas did not have a right to appeal the
termination decision, but offered to schedule a meeting with the constable or
his designee to allow Villegas “another opportunity to offer his explanation of
the events leading to his termination.”  Villegas accepted the offer, and this
meeting took place on June 29, 2005.  

Harris County initially assigned M. Morino, a
Hispanic male, to fill the position formerly held by Villegas.  After
reassigning Morino to a different position, Harris County permanently filled
the position with S. Garcia, another Hispanic male.  

Discussion

A.      Error Preservation

As a threshold matter, Harris County asserts that Villegas did not preserve his claims for appellate review.  To
preserve an issue for appellate review, the party first must raise the issue
with the trial court. Tex. R. App. P.
33.1.  In addition, the brief on appeal “must contain a succinct, clear,
and accurate statement of the arguments made in the body of the brief.”  Tex. R. App. P. 38.1(h).  Rule 38
requires Villegas to provide an adequate discussion of the facts and applicable
authorities.  See Franklin v. Enserch Inc., 961 S.W.2d 704, 711 (Tex. App.—Amarillo 1998, no pet.).  

We conclude that Villegas met the
requirements of Rule 38.  Villegas’s issues on appeal fairly encompass the two
grounds on which the trial court granted summary judgment.  Further, Villegas’s
brief discusses the relevant facts and cites to authority pertinent to those
issues.  Accordingly, we address his issues on the merits.

B.      Summary Judgment

          1.       Standard of review

          Villegas contends the trial
court erred in granting Harris County’s motion for summary judgment because
fact issues remain as to (1) whether he has established the causal link between
his termination and his national origin necessary to establish his prima facie
case of discrimination, and (2) whether he raised a fact issue on his claim
under 42 U.S.C. § 1983 that Harris County violated his federal due process
rights. We review these challenges de novo.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accid.
Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  As summary judgment
movant under the traditional standard, Harris County bore the burden to show
that no genuine issue of material fact exists on at least one element of each
of Villegas’s claims.  See Tex.
R. Civ. P. 166a(c).  In
considering whether Harris County met its burden, we take as true all evidence
favorable to the non-movant and indulge every reasonable inference in the non-movant’s
favor.  Valence Operating Co., 164 S.W.3d at 661.  

          Further, because the trial
court did not state the specific grounds on which it granted the summary
judgment, we may affirm the judgment on any meritorious theory advanced in Harris County’s motion.  See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Farrington
v. Sysco Food Servs., Inc., 865 S.W.2d 247, 250 (Tex. App.—Houston [1st
Dist.] 1993, writ denied).

2.       Title VII wrongful
discharge claim

           Title VII of the Civil
Rights Act of 1964 prohibits an employer from discharging an employee based on
color, race, religion, or national origin.  42 U.S.C. § 2000e-2(a).  Villegas
claims that Harris County violated Title VII because he received disparate
treatment based on his national origin.   

                    a.       Disparate
treatment based on national origin

To prevail on a Title VII claim of
disparate treatment, a plaintiff must satisfy the burden-shifting test
pronounced by the Supreme Court in McDonnell Douglass Corp. v. Green, 
411 U.S. 792, 93 S. Ct. 1817 (1973).  See also Reeves v. Sanderson
Plumbing Prods. Inc., 530 U.S. 133, 141-42, 120 S. Ct. 2097, 2105–06 (2000)
(endorsing test); Wal-Mart Stores, Inc. v. Canchola, 121 S.W.3d 735, 739
(Tex. 2003) (applying McDonnell Douglasstest in cases under state
counterpart to Title VII, Tex. Lab. Code
§§ 21.051–.556 (Vernon 2006)).  

The McDonnell Douglasstest first
requires the plaintiff to establish “a prima facie case of discrimination.” 
411 U.S. at 802, 93 S. Ct. at 1824.  A plaintiff can accomplish this by showing
that: (1) the plaintiff belongs to a protected class; (2) the plaintiff
qualified for the position; (3) the employer subjected the plaintiff to an
adverse employment action; and (4) the employer either replaced the plaintiff
with someone outside the protected class or treated other similarly situated
employees outside the protected class more favorably than the plaintiff.  Id., 93 S. Ct. at 1824; Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 512–13 (5th Cir. 2001).

If the plaintiff makes this prima
facie showing, he raises a rebuttable presumption that the employer unlawfully
discriminated against him.  McDonnell Douglass, 411 U.S. at 802, 93 S. Ct. at 1824.  At that point, the burden of production shifts to the employer to
articulate a legitimate, nondiscriminatory reason for the adverse employment
action.  Id., 93 S. Ct. at 1824.  This burden of production is not
difficult to meet: even an incorrect belief that an employee’s performance is
inadequate constitutes a legitimate, nondiscriminatory reason for an adverse
employment action.  Winters v. Chubb & Son, Inc., 132 S.W.3d 568,
576 (Tex.  App.—Houston [14th Dist.] 2004, no pet.) (quoting Little v.
Republic Ref. Co., 924 F.2d 93, 97 (5th Cir.1991)).  

If the employer meets this burden of
production, the presumption raised by the prima facie case vanishes, and the
burden shifts back to the plaintiff to prove that the employer’s articulated
reasons are a mere pretext for unlawful discrimination.  Proving pretext for
discrimination requires the plaintiff to show both that the reason for
termination was false, and that discrimination was the real reason.  St.
Mary’s Honor Ctr. v. Hicks, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752
(1993); see Nichols v. Loral Vought Sys. Corp., 81 F.3d 38, 41
(5th Cir. 1996).  Although the burden of production shifts, the burden of
persuasion under the McDonnell Douglass test remains at all times with
the plaintiff.   St. Mary’s Honor Ctr., 509 U.S. at 507, 113 S. Ct. at 2747.

                   b.       Prima
facie case of disparate treatment

Villegas has met the first three
elements of his prima facie case:  he has shown that (1) he is Hispanic, (2) he
was qualified for the position of Harris County deputy constable, and (3) Harris County terminated his employment.  The final element requires Villegas to raise a
material fact issue that Harris County replaced him with someone who was not
Hispanic, or, alternatively, that he received less favorable treatment than
similarly situated employees who were not Hispanic.  See Bryant v. Compass
Group USA, Inc., 413 F.3d 471, 478 (5th Cir. 2005); Little, 924 F.2d
at 97.  

Villegas provided no evidence to
raise a fact issue that Harris County replaced him with a non-Hispanic; on the
contrary, the evidence conclusively negates this element.   Villegas,
therefore, attempts to make the alternative showing, citing instances in which
two other employees allegedly received more favorable treatment than he.  

To
raise a fact issue, Villegas must show that he is similarly situated to those
constables:

Employees are similarly situated if their
circumstances are comparable in all material respects, including similar
standards, supervisors, and conduct.  Although “precise equivalence in
culpability between employees is not the ultimate question,” the Fifth Circuit
has held that to prove discrimination based on disparate discipline, the
plaintiff must usually show “that the misconduct for which he was discharged
was nearly identical to that engaged in by an employee [not within the
protected class] whom the [employer] retained.” 

 

Ysleta Indep. Sch. Dist. v. Monarrez, 177 S.W.3d 915, 917–18 (Tex. 2005) (quoting
Smith v. Wal-Mart Stores, Inc., 891 F.2d 1177, 1180 (5th Cir. 1990), and
McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 283 n.11, 96 S.
Ct. 2574, 2580 n.11 (1976)) (internal quotations omitted).

          Villegas compares his
situation to those of two other Precinct 4 constables, both Caucasian males,
who, he asserts, received the opportunity to resign in lieu of termination
following their involvement in minor accidents.  One, a captain in the
precinct, had accidentally backed his personal vehicle into an unoccupied car
while leaving the precinct parking lot.  After the impact, he inspected the
vehicle, saw no damage, and then left the scene without leaving the vehicle
owner any notification of the accident.  The parked car, however, had sustained
damage.  The precinct began an investigation, but the captain abruptly resigned
before it was completed.   

The other individual, a deputy
constable, was involved in an accident when he attempted to get out of standing
traffic by maneuvering around a vehicle stopped in front of him by steering
left toward the grassy median.  The right mirror of the patrol car struck the
left rear quarter panel of the stopped vehicle.  The constable, who later
claimed that he did not notice that he had collided with the other vehicle,
continued driving to the next intersection, where he stopped and inspected his
patrol car for possible damage from jumping the curb onto the median.  Harris County initially terminated the constable but later, at the constable’s request,
allowed him to resign.  

The circumstances that led to
Villegas’s discharge are not sufficiently similar to those involving these
other individuals. We note that the Accident Review Board prefaced its
recommendation of immediate termination for Villegas on four findings, one of
which concerned Villegas’s lack of honesty in connection with his initial
reporting of the accident.  In contrast to Villegas, neither of the other
individuals made any statement concerning the respective incidents that was
later found to be false.  Further, only Villegas was found to have knowingly
left the scene of an accident.  Harris County also observes that, unlike the other constables, Villegas did not resign in
lieu of termination, or ask that he be allowed to do so.  These differences
demonstrate the absence of a material fact issue on this element.  See
Little, 924 F.2d at 97 (employees were not similarly situated because
different supervisors reviewed employees’ actions and made employment decisions);
Smith, 891 F.2d at 1180 (employees who violated company policy in
different ways were not similarly situated); see also Davin, 678
F.2d at 572 (employees were not similarly situated because only one
employee’s inappropriate remarks were also considered threatening).  Because
the evidence fails to raise a fact issue on this final element of Villegas’s
prima facie case, the trial court correctly granted summary judgment on his
Title VII national origin discrimination claim.  We therefore overrule
Villegas’s first issue.[2]

C.      Villegas’s Section 1983 Claim

Harris County specially excepted to Villegas’s section 1983 claim before it moved for
summary judgment, and the trial court granted the special exceptions.  Villegas
rests on his original petition and contends both in response to summary
judgment and on appeal that he raised a material fact issue on each element of
that claim.  We disagree with Harris County’s contention that Villegas’s
failure to amend his petition, standing alone, supplies an independent basis
for summary judgment on his section 1983 claim.  Rather, we construe his issue
as a challenge to the trial court’s rulings granting both the special exception
and the summary judgment on his section 1983 claim and address it on the merits. 
See Alpert v. Crain, Caton, & James, P.C., 178 S.W.3d 398, 405 (Tex.
App.—Houston [1st Dist.] 2005, pet. denied) (“When special
exceptions are sustained, the pleader may either amend the petition or refuse
to amend and challenge the ruling on appeal.”).  

          Villegas bases his section
1983 claim on the contentions that the County (1) violated his substantive due
process rights by discharging him for arbitrary and capricious reasons, and (2)
discharged him in a manner that unjustly stigmatized him, and then (3) failed
to provide him with a meaningful hearing in which he could present favorable
evidence and cross-examine witnesses who wrongly accused him. 

          Under Texas law, constables
are employees at will unless the employing county adopts a civil service system
providing civil service protection to its constables.  See County of
Dallas v. Wiland, 216 S.W.3d 344, 347–48 (Tex. 2007); Renken v. Harris County, 808 S.W.2d 222, 225 (Tex. App.—Houston [14th Dist.] 1991, no writ) (holding
that grievance procedure did not modify Harris County deputy constable’s status
as at-will employee).  Because Harris County has not adopted civil service protections
for its constables, Villegas’s reliance on Wiland is misplaced.  In that
case, the plaintiffs, deputy constables who had been discharged, contended that
the rules governing dismissal set forth in Dallas County’s civil service system manual gave them a property
interest in continued employment protected by the due process clause of the
Fourteenth Amendment and precluded discharge without just cause.  The Texas
Supreme Court concluded that “the fair import of the
Manual’s provisions, taken as a whole, is that covered employees are not to be
discharged without being given a reason they can contest,” thus creating a
reasonable expectation in continued employment that amounted to “a property
interest of which employees may not be deprived without due process.”  Wiland,
216 S.W.3d at 354.   

Villegas does not
identify any Harris County employment policy or manual provision applicable to
the precinct that might modify at-will status.  As an employee at will,
Villegas lacked a constitutionally protected property interest in continued
employment as well as any justifiable expectation that he could not be
discharged for arbitrary and capricious reasons.  See Schultea v. Wood,
17 F.3d 1112, 1116 (5th Cir. 1994).  Further, Villegas concedes that he was
given an opportunity to tell the constable and assistant constable whatever he
wanted to tell them, and present them with any new evidence.  Given all these
circumstances, Villegas’s due process claim is barred as a matter of law.  See
 Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546, 105 S. Ct. 1487,
1495 (1985); Williams
v. Conroe Indep. Sch. Dist., 809 S.W.2d 954,
958 (Tex. App.—Beaumont 1991, no writ).  

Conclusion

          We conclude
that the trial court correctly granted summary judgment in favor of Harris County on Villegas’s federal law claims for national origin discrimination and
deprivation of due process.  We therefore affirm the judgment of the trial
court.  

                                                

                                                          

Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

 








 

 









[1]
Villegas does not challenge the trial court’s
grant of summary judgment in favor of Ron Hickman, Constable, Precinct 4, in
this appeal.   He also waives his right to appeal the summary dismissal of his
state tort claims for intentional infliction of emotional distress and slander,
as well as his national origin discrimination claim under the Texas Commission
on Human Rights Act.  Tex. Lab. Code Ann.
§§ 21.201–.262 (Vernon 2006).





[2]
Because the summary judgment record demonstrates
the absence of any fact issue showing a prima facie case under Title VII,
Villegas is not entitled to a presumption of discrimination, obviating the need
to consider whether there is evidence of pretext.