# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30643

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2019

Lyle W. Cayce
Clerk

PANAGIOTA HEATH, also known as Penney Heath

Plaintiff-Appellant

v.

MOSTAFA ELAASAR, in his official and personal capacities;
BOARD OF SUPERVISORS FOR THE SOUTHERN
UNIVERSITY AND AGRICULTURAL AND MECHANICAL
COLLEGE,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-4978

Before HIGGINBOTHAM, DENNIS, and COSTA, Circuit Judges,

PER CURIAM:[*]

Dr. Panagiota Heath is an associate mathematics professor at Southern University at New Orleans (SUNO). Dr. Mostafa Elaasar became Heath's supervisor in 2003. Since that time, Heath alleges that Elaasar has harassed her continuously, creating a hostile work environment. She claims that the harassment was due to her race, religion, sex, or national origin, in violation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30643

of Title VII and 28 U.S.C. § 1983.  She seeks to hold both the university and Elaasar liable for the harassment under Title VII and Elaasar responsible under section 1983.  Heath is a Christian female of Greek descent, while Elaasar is a male, and he is Muslim and of Egyptian descent.

The magistrate judge granted summary judgment in favor of the defendants, concluding that while Heath's alleged harassment was potentially hostile, she had not demonstrated that the harassment occurred because of a protected characteristic.[1]  Because Heath has not presented evidence raising a genuine issue of material fact on this issue, we AFFIRM.

## I.

To begin, this appeal concerns only Heath's hostile work environment claim under Title VII based on sex and her hostile work environment claim under § 1983 based on sex, race, religion, and national origin, as she has abandoned her Title VII claims based on other protected grounds.  *See Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 736 (5th Cir. 2017).

We review a district court's grant of summary judgment de novo.  *Howell v. Town of Ball*, 827 F.3d 515, 521 (5th Cir. 2016).  Summary judgment will be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Summary judgment is also appropriate where the nonmovant fails to establish an essential element of his case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  However, if "a reasonable jury could return a verdict for the nonmoving party," summary judgment is inappropriate.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[1] The parties consented to proceed before a magistrate judge.

No. 17-30643

Title VII prohibits an employer's "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "The creation of a hostile work environment through harassment . . . is a form of proscribed discrimination." *EEOC v. Boh Bros. Const. Co.*, 731 F.3d 444, 452 (5th Cir. 2013). To establish a prima facie case of discrimination under Title VII, Heath must demonstrate that (1) she "belongs to a protected class," (2) she "was subject to unwelcome . . . harassment," (3) "the harassment was based on a protected characteristic," and (4) "the harassment affected a term, condition, or privilege of employment." *Id.* at 453 (alteration and internal quotation marks omitted). Because § 1983 and Title VII are parallel causes of action, Heath must establish the same elements to succeed on either claim. *Whiting v. Jackson St. Univ.*, 616 F.2d 116, 121 (5th Cir. 1980).

Heath has alleged a myriad of hostilities, including that Elaasar did not allow her to participate in committees, humiliated her during meetings, and undermined her to her students and faculty members. Elaasar's treatment of Heath was apparently severe enough to attract attention from students, one of whom submitted an affidavit stating that Elaasar's treatment of "Heath bordered on the barbaric" and that the student had "never observed such open hatred and contempt exhibited by one teacher toward another at a university." A group of students signed a petition to protest Elaasar's unprofessional treatment of Heath, which garnered hundreds of signatures.

Under both Title VII and § 1983, Heath must show not only that she was harassed, but also that the harassment occurred *because of a protected*

No. 17-30643

*characteristic*—either her sex under Title VII,[2] or her sex, race, national origin, or religion under § 1983. *Boh Bros.*, 731 F.3d at 453.

The magistrate judge thoroughly analyzed the facts of this case and found that while Heath alleged numerous hostilities, the evidence, even viewed in the light most favorable to Heath, was insufficient to prove that such hostilities occurred *because of* a protected characteristic.[3] *See Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) ("[A] court must view the evidence in the light most favorable to the opposing party." (internal quotation marks omitted)). Accordingly, the magistrate judge granted summary judgment in favor of the defendants on Heath's claims under Title VII and § 1983 based on sex, and her § 1983 claims based on national origin, religion, and race. We discuss each in turn.

## II.

Regarding Heath's claim of sex discrimination through the creation of a hostile work environment, Heath's only arguably direct evidence that Elaasar's conduct toward her was motivated by her gender is a remark made to her by Dr. Joe Omojola some time before April 2010. Omojola[4] said to Heath: "You

---

[2] While Title VII covers discrimination on the basis of "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1), the only Title VII claim at issue in this case is Heath's claim of sex discrimination through the creation of a hostile work environment. *See Heath*, 850 F.3d at 736. She has abandoned her Title VII claims based on other protected grounds. *Id.*

[3] A panel of this court previously reversed and remanded the magistrate judge's grant of summary judgment in this case, finding that the continuing violation doctrine applied to Heath's hostile work environment claims and the magistrate judge erred in failing to "evaluate the full scope of the allegedly harassing conduct." *See Heath*, 850 F.3d at 739, 741. On remand, the magistrate judge followed this court's instructions and "evaluate[d] the full scope of the allegedly harassing conduct," *id.*, and considered many of Heath's allegations dating back to 2003 as relevant background information.

[4] Dr. Omojola's job title is unclear from the record. He is described alternatively at various points in the record as the Dean of Science and a professor of physics and math. Because the record does not reveal the date of the remark, it is unclear what position Omojola held at the time he made the remark.

know why they don't let you work, participate in meetings? . . . Because you talk too much for a woman." Heath contends that the remark is attributable to Elaasar because Elaasar and Omojola had a close relationship. The magistrate judge found that while that statement might be "[t]he closest thing" to direct evidence of sex-based harassment, it alone was not enough to show that Elaasar's actions were gender-based. Heath also relies on the observations of one of her students, Donald Anderson, to show that the allegedly hostile work environment arose because of her sex. In an affidavit, Anderson explained that he met with Elaasar and asked for an explanation of his hostile behavior toward Heath. Anderson stated that he "concluded from [Elaasar's] attitude and state of mind that he was unhappy that [Heath] was not more submissive to his authority, and that he felt that she was disrespectful of him, and failed to acknowledge his role as her superior." The magistrate judge found Anderson's statement insufficient to create a genuine issue of material fact because Anderson conveyed only his interpretation of Elaasar's state of mind and "[did] not convey his recollection of any statements made by Elaasar during this meeting." Ultimately, the magistrate judge concluded that "Heath has, at best, demonstrated that she suffered from an ongoing interpersonal conflict with Dr. Elaasar, but the evidence cannot support a finding that Dr. Elaasar's conduct was motivated by Dr. Heath's sex."

"Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at 'discriminat[ion] . . . because of . . . sex.'" *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (emphasis omitted). To prove that the alleged harassment was because of her sex, Heath must establish "that but for the fact of her sex, [she] would not have been the object of harassment." *Jones v. Flagship Int'l*, 793 F.2d 714, 719 (5th Cir. 1986). Though Heath's factual allegations suggest that her workplace was indeed

unpleasant, we agree with the magistrate judge's conclusion that she has failed to demonstrate that Elaasar's alleged harassment was motivated by her sex. *See, e.g.*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) ("Title VII, we have said, does not set forth 'a general civility code for the American workplace.'" (quoting *Oncale*, 523 U.S. at 80)).  Heath has therefore failed to establish an essential element of her case, and summary judgment on her sex-based claims under Title VII and § 1983 is appropriate.  *See Celotex Corp.*, 477 U.S. at 322-23.

## III.

In addition to her sex discrimination claims, Heath appeals the magistrate judge's grant of summary judgment to defendants on her § 1983 claims alleging discrimination based on race, religion, and national origin. Aside from one 2005 remark, Heath relies exclusively on her subjective beliefs to support her claims.  We agree with the magistrate judge that Heath has failed to raise a genuine issue of material fact as to her claims of discrimination based on race, religion, and national origin.  *See Nichols v. Lewis Grocer*, 138 F.3d 563, 570-71 (5th Cir. 1998) ("A subjective belief of discrimination, however genuine, cannot be the basis of judicial relief." (alterations omitted) (quoting *Little v. Republic Ref. Co.*, 924 F.2d 93, 96 (5th Cir. 1991)));  *Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 194 (5th Cir. 1996) ("[T]he 'mere utterance of an . . . epithet which engenders offensive feelings in an employee,' is insufficient, without more, to support Title VII liability." (quoting *DeAngelis v. El Paso Mun. Police Officers Ass'n*, 51 F.3d 591, 595 (5th Cir. 1995)).

For the foregoing reasons, the judgment of the magistrate judge is AFFIRMED.